UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

BETH BOGART,

                             Plaintiff,

      -against-

THE CITY OF NEW YORK, a municipal entity; and
Detective NICHOLAS GRENIER (Shield 2006), in
his individual capacity,

                           Defendants.

------------------------------------------------------------------- X

No. 13-cv-1017 (NRB)

**CORRECTED**
**AMENDED COMPLAINT**

**JURY TRIAL**

      Plaintiff BETH BOGART, by her attorneys, Beldock Levine & Hoffman LLP, as and for her complaint against THE CITY OF NEW YORK, a municipal entity; and Detective NICHOLAS GRENIER (Shield 2006), in his individual capacity, alleges as follows:

## PRELIMINARY STATEMENT

1.    This is a civil rights action brought under 42 U.S.C. § 1983 for violations of rights guaranteed to the plaintiff, BETH BOGART, by the First, Fourth, and Fourteenth Amendments to the United States Constitution, and violations of the common law and the Constitution of the State of New York by defendants THE CITY OF NEW YORK and Detective NICHOLAS GRENIER (Shield 2006).

2.    Specifically, plaintiff seeks redress for substantial physical, mental, and emotional injuries she suffered when, during a peaceful protest of illegal police conduct, defendant GRENIER suddenly and without provocation, reached across a metal police barricade and punched plaintiff in the face.

1

3.      Plaintiff seeks (i) compensatory damages for physical injury, psychological and emotional distress, and other financial loss caused by the illegal actions of the defendants; (ii) punitive damages to deter such intentional or reckless deviations from well-settled constitutional law; and (iii) such other and further relief, including costs and attorneys fees, as this Court deems equitable and just.

## JURISDICTION

4.      Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343(3) and (4), as this action seeks redress for the violation of plaintiff's constitutional and civil rights.

5.      Supplemental jurisdiction is conferred upon this Court by 28 U.S.C. § 1367(a) over any and all state constitutional and common law claims that are so related to the federal claims within the original jurisdiction of this Court that they form part of the same case or controversy.

## VENUE

6.      Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which the events giving rise to the plaintiff's claims took place.

## JURY DEMAND

7.      Plaintiff demands a trial by jury in this action on each and every one of her claims for which jury trial is legally available.

## THE PARTIES

8.      Plaintiff BETH BOGART, a citizen of the United States, is and was at all times relevant to this complaint a resident of New York County, City and State of New York.

9.      Defendant THE CITY OF NEW YORK ("the City") is a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police

department, and does maintain the New York City Police Department ("NYPD") which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The City assumes the risks incidental to the maintenance of a police force and the employment of police officers.

10.     Defendant Detective NICHOLAS GRENIER (Shield 2006) is an NYPD police officer who used excessive and unreasonable force on plaintiff by punching her in the face.

11.     At all times relevant herein, defendant GRENIER has acted under color of state law in the course and scope of his duties and/or functions as an agent, employee, and/or officer of the City and/or the NYPD, and incidental to the lawful pursuit of his duties as an agent, employee, and/or officer of the City and/or the NYPD.

12.     At the times relevant herein, defendant GRENIER violated clearly established rights and standards under the First, Fourth, and Fourteenth Amendments to the United States Constitution, of which a reasonable police officer in his respective circumstances would have known.

## COMPLIANCE WITH NEW YORK GENERAL MUNICIPAL LAW

13.     Plaintiff served her Notice of Claim upon the City of New York by personal service on February 10, 2012, within ninety days of the events giving rise to plaintiff's claims.

14.     Plaintiff attended a hearing pursuant to section 50-h of the New York General Municipal Law on May 3, 2012.

15.     This action is filed within one year and ninety days of the events giving rise to plaintiff's claims.

## STATEMENT OF FACTS

16.     Plaintiff BETH BOGART is 57 years old, a filmmaker, and a mother of four.

17.     On or about the morning of November 15, 2011, plaintiff was on the sidewalk outside of Zuccotti Park ("the Park") in downtown Manhattan.

18.     There were other people on the sidewalk around the perimeter of the Park.

19.     The Park, which had been the epicentre of the public demonstrations often referred to collectively as "Occupy Wall Street," was empty except for NYPD police officers.

20.     The Park was surrounded by police barricades.

21.     NYPD officers were refusing to allow people to enter the Park.

22.     Plaintiff had in her possession a copy of an order signed by New York State Supreme Court Justice Lucy Billings at 6:30 a.m. on November 15, 2011 ("the court order").

23.     The court order prohibited the police from evicting protestors from the Park and from preventing them from re-entering the Park.

24.     At one point, plaintiff was standing on Cedar Street between Broadway and Church, outside of the police barricades around the Park.

25.     Plaintiff was holding the court order and, in sum and substance, stated that it was a court order and that the police were violating the order.

26.     Without provocation or warning, a white, male, uniformed NYPD police officer, who upon information and belief is defendant GRENIER, reached over the barricade and punched plaintiff in the face.

27.     Several civilians and NYPD officers witnessed defendant GRENIER punch plaintiff in the face.

28.     Several video recordings captured defendant GRENIER punching plaintiff in the face.

29.     After being punched by defendant GRENIER, plaintiff fell to the ground.

30.     Several civilians helped plaintiff and eventually escorted her off of the street and to a nearby building.

31.     Later that day, plaintiff sought emergency medical care at Beth Israel Medical Center.

32.     Plaintiff has required ongoing medical care for her physical and psychological injuries that she sustained as a result of being punched by defendant GRENIER.

33.     Plaintiff was never arrested or charged with any crime as a result of this incident.

34.     As a result of this incident, plaintiff experienced humiliation, sustained physical injuries, and suffered—and continues to suffer—severe psychological and emotional distress.

35.     As a result of this incident, plaintiff suffered economic injuries, lost income, suffered setbacks in producing films, and missed important career opportunities.

36.     As a result of this incident, plaintiff has been unable to recreate and engage in physical activities as she did before this incident.

37.     As a result of this incident, plaintiff missed opportunities to spend time with her children.

**FIRST CAUSE OF ACTION**
**42 U.S.C. § 1983 – Violation of Plaintiff's First Amendment Rights**

38.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

39.     Plaintiff was aware of her constitutional right to voice public disapproval of police activity without fear of arrest or assault by any police officer.

40.     The duties of NYPD police officers include the duty to protect the constitutional rights of persons who wish to express their opinions publicly in a lawful manner.

41.     During the incident alleged herein, plaintiff stated, in sum and substance, that she and other people around her were permitted to go into Zuccotti Park, that she had a court order from

a state court judge enjoining the NYPD from stopping people from going into Zuccotti Park, and that she disapproved of NYPD officers' refusal to obey the order and allow her and other people to go into Zuccotti Park.

42.     Plaintiff's statements were made publically, in front of a group of NYPD officers and a crowd of civilians, and it was her intent that those people would hear her statements.

43.     In response to plaintiff's statements, defendant GRENIER physically attacked her.

44.     By virtue of the foregoing, defendant GRENIER intentionally deprived plaintiff of her rights secured by the First Amendment of the United States Constitution and as such, is liable to plaintiff under 42 U.S.C. § 1983.

45.     As a direct and proximate result of defendant defendant GRENIER's deprivations of plaintiff's constitutional rights, plaintiff suffered the injuries and damages set forth above.

46.     The conduct of defendant defendant GRENIER was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

## SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983 – Violation of Plaintiff's Fourth Amendment Rights

47.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

48.     By virtue of the foregoing, defendant GRENIER intentionally deprived plaintiff of her right to be free of unreasonable seizures, including excessive force, guaranteed by the Fourth Amendment to the United States Constitution and as such, is liable to plaintiff under 42 U.S.C. § 1983.

49.     As a direct and proximate result of defendant defendant GRENIER's deprivations of plaintiff's constitutional rights, plaintiff suffered the injuries and damages set forth above.

50.     The conduct of defendant GRENIER was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

### THIRD CAUSE OF ACTION
### 42 U.S.C. § 1983 – Violation of Plaintiff's Fourteenth Amendment Rights

51.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

52.     Upon information and belief, defendant GRENIER's purpose in using force against plaintiff was to cause harm, was unreasonable, and was unrelated to a legitimate police purpose.

53.     Defendant GRENIER's punching plaintiff in the face while she was peacefully demonstrating caused her substantial injuries and shocks the conscience.

54.     By virtue of the foregoing, defendant GRENIER intentionally deprived plaintiff of her rights to substantive due process and equal protection under the law guaranteed by the Fourteenth Amendment to the United States Constitution and as such, is liable to plaintiff under 42 U.S.C. § 1983.

55.     As a direct and proximate result of defendant GRENIER's deprivations of plaintiff's constitutional rights, plaintiff suffered the injuries and damages set forth above.

56.     The conduct of defendant GRENIER was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

### FOURTH CAUSE OF ACTION
### *Respondeat Superior*

57.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

58.     Defendant GRENIER was an employee of the City at the time of the incidents alleged herein.

59.     Defendant GRENIER was acting at all relevant times within the scope of his employment with the City.

60.     The City is therefore vicariously liable for the actions of defendant GRENIER under the doctrine of r*espondeat superior*.

## FIFTH CAUSE OF ACTION
### Violations of the New York State Constitution

61.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

62.     Defendants subjected plaintiff to the foregoing acts and omissions without due process of law, thereby depriving plaintiff of rights, privileges, and immunities guaranteed by Article 1, §§ 1, 6, 8, and 12 of the New York State Constitution, including, without limitation, the following:

   a.  Plaintiff was deprived of her rights and privileges guaranteed by Article 1, § 1 of the New York State Constitution;

   b.  Plaintiff was deprived of her right to due process guaranteed by Article 1, § 6 of the New York State Constitution;

   c.  Plaintiff was deprived of her right to freedom of speech guaranteed by Article 1, § 8 of the New York State Constitution; and

   d.  Plaintiff was deprived of her right to be free from unreasonable searches and seizures guaranteed by Article 1, § 12 of the New York State Constitution.

63.     As a direct and proximate result of defendant GRENIER's deprivations of plaintiff's rights, privileges, and immunities guaranteed by the New York State Constitution, plaintiff suffered the injuries and damages set forth above.

## SIXTH CAUSE OF ACTION
### Assault and Battery

64.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

65.     Defendant GRENIER, without just cause, wilfully and maliciously used physical force against plaintiff, causing her injuries.

66.     Defendant GRENIER committed the foregoing acts intentionally, wilfully, and with malicious disregard for plaintiff's rights, and is therefore liable for punitive damages.

67.     The City is vicariously liable for the conduct of defendant GRENIER as set forth herein.

## SEVENTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

68.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

69.     Defendant GRENIER, through the foregoing acts, did commit extreme and outrageous conduct and thereby intentionally and/or recklessly caused plaintiff to suffer severe mental and emotional distress, pain and suffering, and damage to name and reputation.

70.     Defendant GRENIER committed the foregoing acts intentionally, willfully, and with malicious disregard for plaintiff's rights and is therefore liable for punitive damages.

71.     The City is vicariously liable for the conduct of defendant GRENIER as set forth herein.

## EIGTHTH CAUSE OF ACTION
### Negligence

72.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

73.     Defendant GRENIER owed plaintiff a duty of care, including the duty to exercise due care in the course of his duties as an NYPD officer and the duty to protect citizens from the intentional misconduct of other NYPD officers.

74.     Defendant GRENIER, by the foregoing acts, negligently failed to use due care in the performance of his duties in that he failed to perform his duties with the degree of care that a reasonably prudent and careful officer would have used under similar circumstances.

75.     All of these acts were performed without any negligence on the part of plaintiff and were the proximate cause of injuries to plaintiff.

76.     The City is vicariously liable for the negligence of defendant GRENIER as set forth herein.

## NINTH CAUSE OF ACTION
### Negligent Infliction of Emotional Distress

77.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

78.     As a police officer acting in the performance of his duties, defendant GRENIER owed plaintiff a duty of care.

79.     In breach of that duty of care, defendant GRENIER's foregoing conduct endangered plaintiff's safety and caused her to fear for her safety.

80.     As a result, plaintiff suffered emotional distress.

81.     The City is vicariously liable for the negligence of defendant GRENIER as set forth herein.

## DEMAND FOR RELIEF

**WHEREFORE**, plaintiff demands the following relief against the defendants, jointly and severally:

(a)     compensatory damages in an amount just and reasonable and in conformity with the evidence at trial;

(b)      punitive damages from defendant GRENIER to the extent allowable by law;

(c)      attorneys fees;

(d)      the costs and disbursements of this action;

(e)      interest; and

(f)      such other and further relief as this Court deems just and proper.

Dated: New York, NY
          August 6, 2013

BELDOCK LEVINE & HOFFMAN LLP
99 Park Avenue, Suite 1600
New York, New York 10016
(212) 490-0400

By:

Jonathan C. Moore
Joshua S. Moskovitz

*Attorneys for Plaintiff Beth Bogart*