

|  |  |  |
|---|---|---|
| **MICHAEL A. CARDOZO**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **ANDREW LUCAS**<br>*Assistant Corporation Counsel*<br>Phone: (212) 356-2373<br>Fax: (212) 356-3559<br>alucas@law.nyc.gov |

May 14, 2014

**BY ECF and FAX**
Honorable Naomi Reice Buchwald
United States District Judge
United States Court House
Southern District of New York
500 Pearl Street
New York, NY 10007

   Re: <u>Beth Bogart v. City of New York et al.</u>, 13-CV-1017 (NRB)(AJP)

Your Honor:

   I am an Assistant Corporation Counsel at the New York City Law Department, and I represent the City of New York and Detective Nicholas Grenier in the above-captioned civil action. Defendants write in response to Plaintiff's Local Rule 37.2 request.

   Local Rule 37.2 precludes formal motion practice absent an informal conference by the Court to address a discovery dispute.  Separately, Local Rule 37.3(a) requires a good faith conferral between the parties to resolve any dispute prior to seeking a judicial resolution.

   Plaintiff's motion of May 9, 2014 states that she intends to proceed with discovery, however, in her letter she does not raise any specific deficiencies.  Plaintiff states she has alerted defense counsel of her intent to seek discovery related to the legal status of persons attempting to enter Zuccotti Park.  She attempts to justify this request by reference to municipal liability.  However, plaintiff overlooks the fact that she has not even pled a claim for municipal liability in this action.  Similarly, her passing reference to *per se* tort liability is unsupported.

   Defendants are unaware of any specific deficiencies plaintiff intends to address, though counsel does acknowledge plaintiff stating he intends to seek additional discovery regarding the legal status of Zuccotti Park generally.  Notwithstanding, defendants have objected to plaintiff's recently noticed depositions for *inter alia*, former Mayor Bloomberg and former Commissioner Ray Kelly.  Even without plaintiff having raised any specific discovery dispute, that issue may require court intervention.

Defendants anticipate raising discovery concerns in several areas, but reserve these issues until after there has been a full opportunity to confer with Plaintiff's counsel regarding specific deficiencies.  Finally, in response to plaintiff's characterization of the facts defendants oppose and contest plaintiff's recitation.  Defendants remain at the Court's disposal should Your Honor find a point by point rebuttal instructive.

Thank you for your consideration herein.

        Respectfully submitted,

        /s/
        Andrew Lucas
        *Assistant Corporation Counsel*

cc:    Beldock Levine and Moore
       Joshua Moskovitz Esq.
       *Attorney for Plaintiff*